Jeane LUKAS; Harpani Setio; Joseph Kurniadi Setio; Benedictus Suryadi Setio; Martinus Muliadi Setio, Petitioners

v.

**ATTORNEY GENERAL OF the UNITED STATES,** Respondent.

No. 07–1959.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 16, 2008.

Filed: April 18, 2008.

Stanley J. Ellenberg, Philadelphia, PA, for Petitioners.

Paul Fiorino, Brooke M. Maurer, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: AMBRO, FISHER, and MICHEL,* Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Jean Lukas, her husband, and their three children petition for review of a final

Circuit, sitting by designation.

order of the Board of Immigration Appeals ("BIA") that affirmed their removal to Indonesia. Lukas is the lead petitioner and the claims of her husband and children derive from her application. We have jurisdiction over the petition pursuant to 8 U.S.C. § 1252(a). For the reasons that follow, we deny the petition.

Lukas is an Indonesian citizen of Chinese ancestry. In Indonesia, she alleges that she and her family were victims of harassment and violence on account of their ethnicity and religion. Lukas entered the United States in July 2003 on a B2 visitor's visa, which she subsequently overstayed. In August 2003, Lukas filed an application for asylum. In April 2004 Lukas was served with a Notice to Appear and charged with removal for overstaying her visa under 8 U.S.C. § 1227(a)(1)(B). Lukas, through counsel, admitted the allegations in the Notice to Appear and conceded removal as charged. In lieu of removal, Lukas requested asylum, withholding of removal, and relief under the United Nations Convention Against Torture. The Immigration Judge ("IJ") denied her application. The BIA affirmed, and issued a final order of removal. Lukas filed an application for reconsideration, which the BIA denied. Lukas then filed a timely petition for review in our Court.

Before the IJ, Lukas testified that she believed if she returned to Indonesia she would continue to be a victim of the same persecution and discrimination that caused her to leave. Namely, she stated that she was persecuted at the hands of the Indonesian government and by the Indonesian Malay, the majority ethnic group in Indonesia, because she is a Chinese Christian. She introduced evidence that purported to demonstrate a series of incidents illustrating this persecution, the first of which occurred in county-wide riots in 1998 where Chinese Christians were targeted. Lukas's first affidavit, submitted in 2003, describes in general terms the violence perpetrated on people in the Chinese Christian community. In 2005, Lukas submitted a second affidavit that specifically claimed her pharmacy was looted and vandalized. The IJ held that the inconsistencies between the two affidavits were not "reasonably explained" by Lukas during her hearing testimony. Lukas testified that one year after the riots her brother-in-law was killed and that one person was arrested for the murder. Lukas submitted a copy of her brother-in-law's autopsy report allegedly from the Greater Jakarta Health Service. However, as the IJ noted, the document recorded the time of the death occurring after the time of the autopsy.

Lukas also testified that in 2001 as she was leaving church, her car was surrounded by men in green bandanas with "Islamic writing" who broke the car windows and injured her and her husband. Lukas's 2003 affidavit stated that only she and her husband were in the car at the time. Yet during the hearing she testified that her children were also in the car during the attack. The IJ disbelieved that Lukas would have omitted the fact that her children were in the car during such an event in her 2003 affidavit if it were true. Although Lukas's son testified that he was in also in the car, the IJ concluded that his testimony was "insufficient to clear up the contradictions." The IJ further held that there was insufficient evidence to establish that the 2001 attack demonstrated ethnic or religious persecution.

Lukas's testimony also described an incident in 2003 in which her pharmacy was robbed and vandalized and she and her husband were beaten. The IJ believed that, based on the testimony, the motive for the attack was stealing drugs and mon-

ey and not for ethnic or religious persecution. Additionally, the IJ determined that there was no evidence that Lukas had ever been the victim of violence perpetrated by the Indonesian government or agents for the government.

In making its credibility determination, the IJ also considered evidence that Lukas's application for asylum and withholding of removal Form I–589 was fabricated. The IJ cited records from the Fairfax County, Virginia Police Department in which a criminal defendant, Suriya Halim, admitted to falsifying Lukas' application and creating a fictitious story on her behalf. The IJ concluded that "[i]n light of [Lukas'] fraudulant application ..., and being a client of a convicted asylum fraud perpetrator, [she] has failed to establish a reliable claim of relief."

Lukas raises two principal issues to support her petition.[1] First, she contends that the IJ wrongly concluded that she failed to establish a substantial likelihood of future persecution in her asylum and withholding of removal claims. Secondly, Lukas argues that the IJ erroneously made an adverse credibility finding.

To establish eligibility for asylum, an applicant must show by a reasonable likelihood either that she experienced past persecution or that she has a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42)(A) & § 1158(b)(1)(A). To establish a well-founded fear of future persecution, Lukas must first "demonstrate a subjective fear of persecution through credible testimony that her fear is genuine." *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir.2005). Then, she must make the objective showing that " 'a reasonable person in the alien's circumstances would fear persecution if returned to the country in question.' " *Id.* (quoting *Zubeda*, 333 F.3d at 469).

To establish eligibility for withholding of removal, Lukas must show by a "clear probability that her life or freedom would be threatened" in Indonesia. *Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir.2003) (internal quotation marks omitted). A "clear probability" means that it is "more likely than not" that Lukas would be subject to persecution. *Id.* The "clear probability" standard required for withholding of removal is a "more rigorous" standard than the "well-founded fear" standard for asylum. *Id.* Thus, if Lukas failed to meet the latter standard, she will necessarily fail to meet the clear probability standard required for withholding of removal. *Id.* at 470.

We review the BIA's determination as to asylum and withholding of removal to ensure they are supported by substantial evidence. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir.2003) (*en banc*). Likewise, the credibility determinations of the IJ will be affirmed if they are supported by substantial evidence, which is "more than a mere

---

1. In her brief to our Court, Lukas makes two additional arguments. First, she argues that the IJ failed to consider the pattern or practice of persecution of Chinese Christians in Indonesia as required by the Convention Against Torture. Secondly, she asserts that the BIA erroneously held that the Government proved that there was no such pattern or practice. Neither Lukas' brief nor notice of appeal to the BIA makes these claims. Instead, Lukas argued that she was a victim of ethnically and religiously motivated persecution, and that the IJ erroneously made an adverse credibility determination.

We only have jurisdiction to review final orders of removal where an alien has exhausted all administrative remedies available to her. 8 U.S.C. § 1252(d). Therefore, we will not consider particular questions not raised in an appeal to the BIA (other than to note that, had we considered these matters, our decision would remain unchanged).

scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Senathirajah v. INS,* 157 F.3d 210, 216 (3d Cir.1998) (internal quotations omitted).

Here the IJ held, and the BIA affirmed, that Lukas failed to meet the subjective prong of the well-founded fear standard, and accordingly the clear probability standard, because her testimony was not credible. The IJ offered specific and cogent reasons for holding that Lukas was not credible, among which were that a felon convicted of drafting fraudulent asylum applications admitted fabricating a story for Lukas, inconsistencies in the two affidavits, the inconsistencies between the affidavits and the testimony presented during the hearing, and that the testimony offered was insufficient to rebut these inconsistencies. This reasoning easily meets the substantial evidence test.

Accordingly, we deny the petition for review.